UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Komando Jerry Ngome, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )                No. 22-cv-00425-SE |
| | ) |
| FCI Berlin, Warden, | ) |
| | ) |
| Respondent. | ) |

WARDEN'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT

Komando Jerry Ngome ("Ngome") is a federal prisoner at the Federal Correctional

Institution in Berlin, New Hampshire ("FCI Berlin").  Ngome has filed a § 2241 petition in this

Court challenging the Bureau of Prisons' ("BOP") determination that he is ineligible for the

application of First Step Act ("FSA") time credits due to his U.S. Immigration and Customs

Enforcement ("ICE") detainer.  Document Number ("DN") 1.  Specifically, Ngome argues that

because he is the subject of an ICE detainer rather than a final order of removal, he is eligible for

the application of his earned FSA time credits, which would result in his early transfer from

custody to the supervised release portion of his sentence.  *Id.* ¶¶ 3-8.  Ngome acknowledges that

such a transfer would practicably result in his release to ICE custody.  *See id.* at ¶ 8.

Ngome's claim fails.  The BOP's interpretation of the pertinent statutes and regulations

prohibit the application of FSA time credits for prisoners with ICE detainers, as does the BOP's

recently released Program Statement.  While Ngome disagrees with the BOP's interpretation of

the FSA, the BOP is entitled to *Skidmore* deference on this issue and its position is consistent

with the goals of the FSA and other BOP policies.

## I.   **FACTS**

On June 9, 2021, the U.S. District Court for the Northern District of Texas sentenced Ngome for money laundering to a 5-year, 28-day term of imprisonment with two years of supervised release.  Decl. of Robert Rouleau, attached as Ex. A, Sentence Computation Data at Attachment 1 ("Ex. A, 1").  On December 16, 2021, Ngome began serving his sentence at a BOP contract facility and then transferred to FCI Berlin on April 6, 2022.  Ex. A, Admission-Release History at Attachment 2 ("Ex. A, 2").  On or about May 2, 2019, ICE lodged an immigration detainer against Ngome.  Ex. A, May 2, 2019 detainer at Attachment 3 ("Ex. A, 3").  Shortly after receiving the instant Petition, BOP confirmed that ICE intends to take custody of Ngome upon his release from BOP custody.  Ex. A ¶ 8.  BOP has determined that Ngome is ineligible for the application of any alleged FSA time credits.  Ex. A, 1.  This §2241 Motion followed.[1]

## II.   **ARGUMENT**

The Warden is entitled to summary judgment because Ngome's alleged FSA time credits cannot be applied to his sentence due to his active ICE detainer.  "Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Joseph v. Lincare, Inc.*, 989 F.3d 147, 157 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)).  Because there is no genuine issue of material fact and the Warden is entitled to judgment as a matter of law, summary judgment should be granted, and Ngome's Petition should be dismissed.

Under the FSA, prisoners earning time credits pursuant to the statute and who successfully complete programs aimed at reducing recidivism or other "productive activities"

---

[1] While Ngome conceded that he did not exhaust his administrative remedies, the Warden is not addressing this issue and is only arguing that Ngome's substantive claim fails as a matter of law. *See* DN 1 ¶ 10.

must have the time credits "applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). "The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." *Id.*

Notably, the above statute anticipates circumstances where an inmate may be able to earn credits, but unable to apply them. Section 3624(g) defines who is eligible for the application of time credits. By defining an "eligible prisoner," the statute contemplates a prisoner who may be ineligible to apply his/her earned time credits. For example, prisoners can only apply their time credits if they are maintaining a minimum/low risk of recidivism. 18 U.S.C. § 3624(g)(1)(B). Prisoners also must have credits in an amount equal to the remainder of their sentence. 18 U.S.C. § 3624(g)(1)(C). Thus, as illustrated, a prisoner earning time credits is not entitled to automatically apply those credits.

In addition to the criteria identified in 18 U.S.C § 3624(g), the FSA explicitly exempted certain inmates from applying FSA credits. One such category included inmates with a final order of removal from the United States. Specifically, the FSA provides:

> **(E) DEPORTABLE PRISONERS INELIGIBLE TO APPLY TIME CREDITS.–**
>    **(i) In general**. – A prisoner is ineligible to apply time credits [toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
>
>    **(ii) Proceedings.** – The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E). The pertinent BOP regulations mirror the language of the FSA, distinguishing between inmates who are eligible to earn time credits and inmates who are eligible

to apply them toward prerelease custody or supervised release.  *See* 28 C.F.R. § 523.44.  The regulations specifically exclude inmates subject to a final order of removal from applying FSA time credits.  28 C.F.R. § 523.44(a)(2).

Ngome recognizes that the statute excludes inmates with final orders of removal from applying FSA time credits.  DN 1 ¶ 7.  However, he argues that because he is not the subject of a final order of removal, his FSA time credits should be applied.  *Id.*

Although the statutory language does not specifically mention inmates with detainers as excluded from applying FSA time credits to their sentence, the BOP can properly interpret statutes and provide guidance for their application.  In doing so here and looking at the statute in its entirety, the BOP interpreted the statute to exclude inmates with ICE detainers from applying FSA time credits.  *See* Ex. A, Program Statement 5410.01, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (November 18, 2022) at Attachment 4 ("Ex. A, 4").

While an agency's interpretation of a statute which has not been promulgated pursuant to the Administrative Procedure Act ("APA") is not entitled to full *Chevron* deference, it is nonetheless entitled to "some" deference and respect.  *Reno v. Koray*, 515 U.S. 50, 61 (1995) ("BOP's internal agency guideline . . . is still entitled to some deference, since it is a permissible construction of the statute.") (internal citations omitted); *see Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984).  In *Skidmore v. Swift*, 323 U.S. 134 (1944), the Court explained this lesser standard:

> [T]he rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.  The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its

> reasoning, its consistency with earlier and later pronouncements, and all those
> factors which give it power to persuade, if lacking power to control.

*Skidmore*, 323 U.S. 134, 140 (1944).  The Court has developed this standard to include

consideration of the agency's "care, its consistency, formality, and relative expertness, and [ ]the

persuasiveness of the agency's position."  *United States v. Mead Corp.,* 533 U.S. 218, 226-27

(2001).

In addition to the deference given to an interpreting agency, the Supreme Court has

recognized that "courts are ill equipped to deal with . . . prison administration and reform,"

unless a prison regulation or practice "offends a fundamental constitutional guarantee."

*Procunier v. Martinez*, 416 U.S. 396, 405 (1974) (overturned on other grounds).  It is well settled

that prisoners do not have a protected liberty interest in being assigned to a particular institution

or program.  *Moody v. Daggett*, 429 U.S. 78, 87 (1976) (addressing the impact of a detainer on

prison programming); *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (stating that the

BOP is responsible for making inmate placement and program decisions); *Fox v. Lappin*, 409

F.Supp.2d 79, 88-89 (D. Mass. 2009) (finding no liberty interest in a prisoner's placement);

*Gilmore v. Quay*, No. 20-CV-01291, 2021 WL 880430, at *4 (M.D.Pa. Mar. 9, 2021) (inmate

with state detainer denied transfer to a Residential Reentry Center ("RRC") because "nothing in

the Second Change Act, First Step Act, or § 3621(b) entitles an inmate to any guaranteed

placement in an RRC.").

Because the BOP's interpretation is soundly based on its "expertness," is consistent with

other practices and policies, and does not offend a constitutional right, the BOP's interpretation

of the statute is valid and should be given deference.  Here, the BOP's Program Statement,

excluding inmates with ICE detainers from applying time credits, is soundly based on BOP's

logic and expertness.  *See* Ex. A, 4.  This Program Statement specifies that while prisoners with

detainers can earn FSA time credits, they cannot apply them to prerelease custody or release to supervision unless the detainer is resolved. *Id.* at Section 10, p. 13. Additionally, the Program Statement instructs that inmates with detainers, to include unresolved immigration status, do not receive the automatic application of up to 365 days of earned time credits to early release. *Id.* at Section 10(d), p. 16.

The BOP's interpretation excluding inmates with detainers from applying FSA time credits is an appropriate and proper interpretation of the law for many reasons. First, the position that an inmate with a detainer is ineligible for community placement or supervised release is not novel. BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*, § 10, provides: "Inmates in the following categories shall not ordinarily participate in CCC programs . . . Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement."[2] This particular provision has remained unchanged since the late 1990's. *See id*. Similarly, inmates with detainers are ineligible for the early release benefit of 18 U.S.C. § 3621(e) – even if they successfully completed the Residential Drug Treatment Program.[3] *See* BOP Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, § 7(a). Inmates with detainers are also generally precluded from obtaining a furlough. *See* BOP Program Statement 5280.09, *Inmate Furloughs*, § 1(d)(2).[4]

Accordingly, inmates with detainers have historically been ineligible for prerelease placement and supervised release. The BOP's position is no different here – an inmate with a

---

[2] BOP Program Statement 7310.04, *Community Corrections Center Utilization and Transfer Procedures*, § 10, www.bop.gov/policy/progstat/7310_004.pdf (last visited August 19, 2022).
[3] BOP Program Statement 5331.02, *Early Release Procedures Under 18 U.S.C. § 3621(e)*, § 7(a), https://www.bop.gov/policy/progstat/5331.02.pdf (last visited August 19, 2022).
[4] BOP Program Statement 5280.09, *Inmate Furloughs*, § 1(d)(2), https://www.bop.gov/policy/progstat/5280_009.pdf (last visited August 19, 2022).

detainer is ineligible for the application of FSA credits.  *See* Ex. A.  Additionally, Ngome and those similarly situated were on reasonable notice concerning the effect of detainers on the application of FSA time credits based on how BOP has historically found such prisoners to be ineligible for prerelease placement.

Second, the purpose of an ICE detainer warrants the exclusion of inmates with detainers from applying FSA credits.  ICE detainers "serve to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien."  8 C.F.R. § 287.7.  ICE detainers are issued pursuant to the authority found in a variety of statutes, including 8 U.S.C. § 1182.  By excluding the application of FSA time credits to those who are subject to final removal and have a detainer, the BOP eliminated the possibility that an inmate whom ICE intended to deport is not accidentally released.

Third, the intended benefit of the application of FSA credits is inapplicable to an inmate with a detainer.  One of the main purposes of community placement/supervised release is to prepare and assist an inmate with transition back into society.  *See* 18 U.S.C. § 3624(c) (explaining "pre-release custody" affords prisoners with "a reasonable opportunity to adjust to and prepare for his re-entry into the community.").[5]  This is consistent with the FSA's goal of recidivism reduction.  *See generally* 18 U.S.C. § 3632.  However, an inmate with a detainer may be facing deportation or another prison sentence, not reintegration.  *See McGee v. Fisher*, No. 12-CV-1108, 2012 WL 5930666, at *1 (D. Minn. Oct. 22, 2012) (upholding BOP's decision not to send inmate with a state detainer to a RRC because such placement "is for the purpose of

---

[5] *See also* https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited July 5, 2022) ("RRCs help inmates gradually rebuild their ties to the community and facilitating supervising ex-offenders' activities during this readjustment phase.").

preparing the inmate to transition back into the community at large; it is not designed to prepare the inmate for transition into state incarceration.").  Accordingly, BOP's position regarding prisoners with detainers ensures FSA credits are applied to inmates who can reap the full benefits of them.

Specifically in this case, Ngome will not likely be reintegrated into society.  FCI Berlin confirmed that ICE intends to take custody of Ngome upon his release from BOP custody.  Ex. A ¶ 8.  Ngome himself recognized in his petition that even if his alleged FSA time credits were applied, he would be transferred to ICE custody.  DN 1 ¶ 8.  Additionally, Ngome will likely be subject to a final order of removal as he was convicted of money laundering, and such conduct is grounds for an alien's ineligibility to receive a visa and to be admitted to the United States.  *See* 8 U.S.C. § 1182(a)(2)(I); Ex. A, 1.  Accordingly, it is likely Ngome will eventually be subject to a final order of removal and explicitly precluded under the FSA from applying his time credits.

Fourth, the detainer exclusion strikes a balance between incentivizing programming and rehabilitation opportunities and protecting society.  Both the FSA and the corresponding regulation allow transfer to prerelease custody or supervised release only if a prisoner is not the subject of a final order of deportation, and/or if the prisoner is otherwise eligible for prerelease custody or early supervised release.  *See* 18 U.S.C. §§ 3632(d)(4)(E), 3624(g)(1)(D); 28 C.F.R. §§ 523.44(a)(2), (c).  In BOP's experience, prisoners with ICE detainers present a flight risk and have less incentive to reintegrate into society if they are facing further incarceration.  *See McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (upholding BOP's rule excluding prisoners with ICE detainers from § 3621(e) early release because of the flight risk posed, finding this reasoning to be "rationally-based"); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195-96 (5th Cir. 2012) (finding no liberty interest in § 3621(e) early release and upholding

BOP's position precluding ICE detainees from RRC placement as rationally-related to the legitimate interest in preventing prisoners from fleeing detainers).  This determination is within the expertise of prison administrators.  Indeed, as the Fourth Circuit observed: "The BOP, in running the nation's prisons, has accumulated experience and judgment that allows it to make informed decisions about various penological objectives, including punishment and rehabilitation."  *Cunningham v. Scibana*, 259 F.3d 303, 308 (4th Cir. 2001) (upholding the denial of a prisoner's early release under 18 U.S.C. § 3621(e) because BOP classified her crime as violent).  Thus, the BOP has properly excluded prisoners with detainers from applying FSA time credits.

## III.    CONCLUSION

The BOP's interpretation of the pertinent statute and regulation prohibits the application of FSA time credits for prisoners with ICE detainers.  This interpretation is appropriate and consistent with other BOP policies and procedures, and the purpose of the FSA and ICE detainers.  Given the BOP's expertise and experience in administering programming in the prison, and the *Skidmore* deference afforded to the BOP in its interpretation of the FSA, this Court should grant the Warden's Motion for Summary Judgment and dismiss Ngome's Petition.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

Dated:  November 21, 2022

By:  /s/ Heather A. Cherniske
Heather A. Cherniske
Assistant U.S. Attorney
NH Bar No. 19837
53 Pleasant Street, 4th Floor
Concord, NH 03301
603-225-1552
Heather.Cherniske@usdoj.gov